ROSENSTEIN et al. v. UNITED STATES.

(Circuit Court, S. D. New York. February 4, 1896.)

No. 1,075.

CUSTOMS DUTIES—CLASSIFICATION—PICKLED HERRING.

Herrings put up in kegs in a preparation of vinegar and spices, to which are added small quantities of vegetables, such as onions and carrots, were dutiable as "pickled herrings," under paragraph 294 of the act of 1890, and were not subject to duty under paragraph 295.

This was an appeal by Rosenstein Bros. from a decision of the board of general appraisers sustaining the action of the collector of the port of New York in respect to the classification for duty of certain imported merchandise.

Albert Comstock, for importers.

Henry C. Platt, Asst. U. S. Atty.

COXE, District Judge (orally). The importers in this case imported a quantity of fish put up in kegs, which the collector assessed for duty under paragraph 295 of the tariff act of 1890. The importers protested insisting that the importations are "pickled herrings" under the preceding paragraph. The sole question before the court is one of fact. It is whether or not the articles in controversy are pickled herrings. I think there is a failure to show any trade meaning for these words. I do not understand that there is a unanimity of testimony, or, in fact, any testimony of which the court can predicate a finding that the words "pickled herrings," at the time of the passage of the act, had any special trade meaning. They must, therefore, be considered in their ordinary dictionary meaning. It is undisputed that the fish in question belong to the genus known as herrings. That they are herrings is established beyond doubt. They are put up in a preparation of vinegar and spices. Some vegetables, such as onions and carrots, are also added to the mixture. Unquestionably the fish are pickled, and the only question is whether or not the addition of the vegetables in small quantities changes their character. I do not think that it does. The importations come clearly within the definition of paragraph 294 as pickled herrings. The fact that they have been sold in the markets of this country as Russian sardines does not in my judgment have the slightest bearing upon their tariff classification. Russian sardines are not mentioned in the act. The decision of the board of general appraisers is reversed.