### BERTH LEVI & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. December 18, 1903.)

#### No. 3,349.

1. CUSTOMS DUTIES — CLASSIFICATION — ANTISEPTIC PRESERVATIVE — BORACIC ACID—BORAX—CHEMICAL COMPOUNDS—UNENUMERATED ARTICLES.

Held, that a certain antiseptic preservative, consisting of an intimate mechanical mixture of boracic acid and borax, the former being the more valuable component, is an article not enumerated in the tariff act of July 24, 1897, c. 11, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1626], either as "boracic acid," under paragraph 1, Schedule A, § 1, c. 11, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1626], as "chemical compounds," under paragraph 3, Schedule A, § 1, c. 11, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1627], or as "borax" or "borate material," under paragraph 11, Schedule A, § 1, c. 11, 30 Stat. 152 [U. S. Comp. St. 1901, p. 1627], and is therefore subject to assessment at the same rate of duty as boracic acid, under said paragraph 1, by virtue of section 7 of said act, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693], which prescribes that "on articles not enumerated, manufactured of two or more materials, the duty shall be assessed at the highest rate at which the same would be chargeable if composed wholly of the component material thereof of chief value."

Appeal by the importers from a decision of the Board of General Appraisers which affirmed the assessment of duty by the collector of customs at the port of New York on imported merchandise.

The opinion of the board in Re Levi, G. A. 5276, delivered by De Vries, General Appraiser, is as follows:

The merchandise is a dry antiseptic preservative, consisting of a mixture of boracic acid and borax. It was assessed for duty at the rate of 5 cents per pound, under the provisions of paragraphs 1, 11, Schedule A, § 1, of the act of July 24, 1897, c. 11, 30 Stat. 151, 152 (U. S. Comp. St. 1901, pp. 1626, 1627). Paragraph 1, in so far as pertinent, reads:

"(1) * * * boracic acid, five cents per pound."

Paragraph 11 reads:

"(11) Borax, five cents per pound; borates of lime or soda, or other borate material not otherwise provided for, containing more than thirty-six per centum of anhydrous boracic acid, four cents per pound; borates of lime or soda, or other borate material not otherwise provided for, containing not more than thirty-six per centum of anhydrous boracic acid, three cents per pound."

The protestants claim the merchandise is properly dutiable at the rate of 25 per centum ad valorem under the provisions of paragraph 3, Schedule A, § 1, c. 11, of said act, 30 Stat. 151 (U. S. Comp. St. 1901, p. 1627), which reads:

"(3) Alkalies, alkaloids, distilled oils, expressed oils, rendered oils, and all combinations of the foregoing, and all chemical compounds and salts not specially provided for in this act, twenty-five per centum ad valorem."

Or at the rate of 4 cents per pound, as "borate material not otherwise provided for in the tariff act, containing more than sixty per centum of anhydrous boracic acid," under the applicable provision of paragraph 11, quoted.

We find from the records in these cases that the merchandise, the subject of these protests, consists of a mixture of boracic acid and borax, the boracic acid being in each case the component material of chief value; that the relative quantities of the component materials in the several importations vary; and that the material is used as an antiseptic preservative in sausages, etc. It does not appear that this merchandise is a chemical compound, in the sense of a body of definite chemical composition, but simply an intimate mechanical mixture, the relative proportions of which in different importations and mixtures vary; and it is one of the variety of antiseptics whose constituents vary in percentage according to the purposes for which they are designed. It is composed of borax, which is an alkali, and specifically dutiable at the rate of 5 cents per pound, under the provisions of paragraph 11, supra, and of boracic acid, which is an acid, and as such specifically dutiable at the same rate, under the provisions of paragraph 1, quoted. The article is not such a combination as is provided for in paragraph 3, the component elements not being those mentioned in that paragraph, and it cannot be said to be a chemical compound or salt, for the reason that it is not a definite chemical composition. It appears to be and is more in the nature of a mixture of irregular proportions of two materials, each of which is specifically dutiable at the same rate, under different provisions of the tariff act.

A similar question was presented to this board and decided in G. A. 3465 (T. D. 17,148). That article was a soda ash mixture. It was composed of soda ash and powdered soap, soda ash being the component material of chief value. The mixture, as such, was not specifically enumerated in the tariff act, and it was therefore a nonenumerated manufactured article. The board held in that case that it was properly dutiable according to the component material of chief value. A similar case was decided by the United States Circuit Court in Keller v. U. S., 90 Fed. 274. The merchandise, the subject of that decision, consisted of a mixture of extract of logwood with salt of chromium. The court held that it was properly dutiable under the provisions of paragraph 26, Schedule A, § 1, c. 1244, of the tariff act of October 1, 1890 (26 Stat. 568), as an extract of logwood, that being the component material of chief value, and not as a chemical compound, as provided for in paragraph 76, Schedule A, § 1, c. 1244, of that act (26 Stat. 570). Chemically, a mix-

ture of borax and boracic acid cannot well be considered a borate material, as claimed by the protestants, as the ingredients of this mixture are each in the highest state of commercial purity, being destined for admixture with food products.

We are of the opinion that this merchandise is properly dutiable according to the chief component material of value therein, under the provisions of paragraph 1, Schedule A, § 1, c. 11, of the act of July 24, 1897, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1626], by virtue of section 7 thereof (30 Stat. 205 [U. S. Comp. St. 1901, p. 1693]), which reads:

"Sec. 7. * * * On articles not enumerated, manufactured of two or more materials, the duty shall be assessed at the highest rate at which the same would be chargeable if composed wholly of the component material thereof of chief value."

U. S. v. Morrison, 179 U. S. 456, 21 Sup. Ct. 195, 45 L. Ed. 275.

It is immaterial for the purposes of this decision what is the component material of chief value, for paragraphs 1 and 11, wherein pertinent, carry the same rates of duty—5 cents per pound. We find, however, the mixture to be boracic acid, component material of chief value, and hold the merchandise properly dutiable at the rate of 5 cents per pound, as assessed.

The protests are overruled, and the decision of the collector affirmed in each case.

W. Wickham Smith, for importers.

Charles D. Baker, Asst. U. S. Atty.

Before PLATT, District Judge.

At the close of the argument the decision of the board was affirmed in open court, without opinion.