## BENSON *v.* UNITED STATES (No. 1185).[1]

FISH BALLS OR FISH PUDDING IN TINS.

The merchandise consists of haddock and other material combined, fish being conceded to be the article of chief value in the compound. The mixed-material clause of paragraph 481, tariff act of 1909, applies. It must be taken to be a manufacture in which fish constitutes the material of chief value and it is one not specially enumerated. It was dutiable as if wholly composed of fish and at the rate assessed by the board.—Murphy *v.* Arnson (96 U. S., 131); American Express Co. *v.* United States (2 Ct. Cust. Appls., 39; T. D. 31591).

United States Court of Customs Appeals, November 11, 1913.

APPEAL from Board of United States General Appraisers, G. A. 7465 (T. D. 33472.)

· [Affirmed.]

*Comstock & Washburn* for appellant.

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The merchandise involved in this case consists of haddock and other material combined in the form of fish balls or fish pudding packed in tins. It contains, according to the statement on the label of the exhibit, a little flour, and the chemical analysis would indi-

---

[1] Reported in T. D. 33882 (25 Treas. Dec., 460).

cate also that milk is used in its preparation. The preparation contains a little more than half the amount of protein found in the fish content taken by itself. Fish is conceded to be the article in chief value in the compound.

Assessment was made under the provisions of paragraph 270 of the act of 1909 for all other fish except shellfish in tin packages. The importers, protesting, claimed that the goods should be assessed as nonenumerated manufactured articles under paragraph 480, or if the similitude clause should be applied, then at the rate of 1¼ cents per pound under paragraph 273 as fish skinned or boned. The board overruled the protest, finding that the merchandise was fish, and that the other ingredients used—milk and flour—were but a small part of the article, the principal ingredient being fish. The board relied for this holding upon the previous decision of the board (T. D. 21785), holding that fish balls in tins were dutiable under the tariff act of 1897 as fish in tin packages, and upon a decision of the Supreme Court in Bogle v. Magone (152 U. S., 623), passing on bloater paste, and In re Rosenstein (71 Fed., 949), and invoked the further rule that as this construction was in force prior to 1909 it would be presumed that Congress had it in view when the present statute was enacted.

In the view we take of the case we think it may be safely rested on the mixed-material clause of paragraph 481. The article in question is concededly composed of fish in chief value. The substance imported is in tins. It is in fact fish in tins and something more. Assuming these ingredients to have so added to the character of the fish as to make it properly considered a manufacture of fish and other material, it is still a manufacture in which the fish constitutes the material of chief value and is one not specially enumerated. The provision of paragraph 481 is that " on articles not enumerated, manufactured of two or more materials, the duty shall be assessed at the highest rate at which the same would be chargeable if composed wholly of the component material thereof of chief value."

In Murphy v. Arnson (96 U. S., 131) the court had under consideration nitrobenzole, which is a manufacture from benzole and nitric acid, a nonenumerated article; and, under a provision that all articles manufactured from two or more materials should be assessed at the highest rate at which any of its component parts might be chargeable, it was held that the manufacture in question was dutiable under this provision at the highest rate fixed on either of the materials of which it was composed.

This case was followed by the Board of General Appraisers in T. D. 25498, in which the subject under consideration was sausages in skins, packed in oil, fat, etc., composed of meat, vegetables, spices, etc. The importation being in chief value of prepared meat, the

board said that " if not prepared meat within the meaning of paragraph 275, still it would seem that, as nonenumerated articles, they would be required to pay the same rate by virtue of the provision in section 7 of the act of 1897, which prescribes that—

On articles not enumerated, manufactured of two or more materials, the duty shall be assessed at the highest rate at which the same would be dutiable if composed wholly of the component material thereof of chief value.

In this case there was also a concurring opinion by General Appraiser Somerville, in which he reviewed previous decisions of the courts and board and cited the case of Murphy *v.* Arnson, *supra.* The case of Levi *v.* United States (126 Fed., 420) is also an authority for the same conclusion and in harmony with our own decision in American Express Company *v.* United States (2 Ct. Cust. Appls., 39; T. D. 31591).

It is attempted to note a distinction between the statute under consideration in Murphy *v.* Arnson and the present statute. It is claimed that under the present statute, before the same is applicable, it must appear that there is a tariff rate fixed for the *product* of the manufacture or commingling as such, as in the present case, for instance, an enumeration which would cover fishs balls or fish pudding when composed wholly of fish. The answer to this contention is that if there were an enumeration in the tariff act covering fish balls and fish pudding there would be no room for applying the mixed-material clause, because the article would fall within the enumeration without any resort to the similitude clause. We think the more reasonable construction of this provision is that adopted in the board case before cited. The article imported is that which the clause deals with as subject to duty, and when it is found that the article is not enumerated the clause directs the customs officers to go to the component material of chief value and ascertain at what rate that is dutiable, and then turning to the article reported to assess the same at the highest rate at which it would have been dutiable had it been composed *wholly* of this material of chief value.

This view accords with the decision of the Board of General Appraisers in the case of T. D. 25498, *supra,* in which it was held by General Appraiser Somerville that the language of section 7 of the act of 1897, which is in terms the same as that of 1909, did not differ materially from the language under consideration in Murphy *v.* Arnson, *supra.*

It is further contended that if the mixed-provision clause be held applicable the provision of the paragraph relating to fish skinned and boned rather than that relating to fish in tin packages should be applied. Undoubtedly the fish content in question is fish skinned and boned; but they are also fish in tin packages, and were the importation composed wholly of the component material of chief value,

namely, fish, would be dutiable as fish in tins. Another provision of the same paragraph (481), which reads that " if two or more rates of duty shall be applicable to any imported article, it shall pay duty at the highest of such rates," makes it imperative that the rate held to be applicable by the Board of General Appraisers should be accepted.

The decision is *affirmed*.