STROHMEYER & ARPE CO. v. UNITED STATES (No. 1420).[1]

FISH PACKED IN OIL AND OTHER SUBSTANCES.

> The chemical analysis showed 5.7 per cent oil with these fish in tins. It is immaterial how this oil became present. The additional duty provided in paragraph 216, tariff act of 1913, was intended to reach any case in which oil is part of the substance in which the fish is found packed when offered for importation.

United States Court of Customs Appeals, February 23, 1915.

APPEAL from Board of United States General Appraisers, Abstract 35629 (T. D. 34459).

[Affirmed.]

*Allan R. Brown* for appellants.

*Bert Hanson*, Assistant Attorney General (*Charles E. McNabb*, assistant attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court: Paragraph 216 of the act of 1913 reads as follows:

> Fish, except shellfish, by whatever name known, packed in oil or in oil and other substances, in bottles, jars, kegs, tin boxes, or cans, 25 per centum ad valorem; all other fish, except shellfish, in tin packages, not specially provided for in this section, 15 per centum ad valorem; * * *.

The evidence discloses that the fish are prepared by first boiling in oil, when they are put in baskets of wire netting where the oil is allowed to drain off. It would appear from the results attained that the oil is not entirely eliminated from the fish when tomato sauce is added and the fish placed in tin cans and sealed. The sauce is principally tomato sauce, but as found by the board it also contains oil

---

[1] Reported in T. D. 35175 (28 Treas. Dec., 304).

visible to the eye. The evidence of the Government chemist shows that the sauce contained 5.7 per cent oil, the major portion of which probably consists of vegetable oil.

The importers contend that the goods are dutiable under the second provision of the paragraph for all other fish except shellfish in tin packages at 15 per cent ad valorem, the contention being that the fish are not packed in oil and other substances in the sense that brings them within the provisions of the first clause of the paragraph. The board held, however, that it is immaterial how the vegetable oil became present in the tins; that if, as a matter of fact, the substance in which the fish were found in the tins as packed consisted of oil and other substances, this is sufficient to bring it within the first provision of the paragraph.

We think this is the correct interpretation of the statute; that the purpose was to provide for an additional duty in case oil alone or oil with other substances was used in the preparation of the fish in packing; and that the provision is not aimed at the method of application, but is intended to reach any case in which oil is part of the substance in which the fish is found packed when offered for importation.

The decision of the board is *affirmed.*