## RUSSO & CO. *v.* UNITED STATES (No. 2142).[1]

CONSTRUCTION, PARAGRAPH 216, TARIFF ACT OF 1913—"FISH * * * PACKED IN OIL OR IN OIL AND OTHER SUBSTANCES"—"ANTIPASTO."

A relish known as "antipasto," composed of fish, olives, onions, gherkins, artichokes (probably) and oil, fish chief value, can not be regarded as "fish * * * packed in oil" under paragraph 216, tariff act of 1913. It is not fish packed in oil, but is fish and the other things packed in oil. Neither is it "fish * * * packed * * * in oil and other substances" under the paragraph, since the other substances do not form any part of the packing for the fish. It is a nonenumerated manufactured article of two or more materials and by virtue of the mandate of paragraph 386, tariff act of 1913, that such shall be assessed as if composed wholly of the component material of chief value, is dutiable at the rate borne by fish in tin packages not specially provided for, under paragraph 216.

United States Court of Customs Appeals, April 10, 1922.

APPEAL from Board of United States General Appraisers, Abstract 44547.

[Reversed.]

*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellants.

*William W. Hoppin*, Assistant Attorney General (*Harry M. Farrell*, special attorney, of counsel), for the United States.

[Oral argument February 24, 1922, by Mr. Tompkins and Mr. Hoppin.]

Before SMITH, BARBER, and MARTIN, Associate Judges; DE VRIES, Presiding Judge, participating in the decision by agreement of counsel.

BARBER, Judge, delivered the opinion of the court:

The merchandise here is called "antipasto." It was assessed by the collector as fish in oil in tins at 25 per cent ad valorem under paragraph 216 of the tariff act of 1913, the relevant parts of which are:

Fish, except shellfish, by whatever name known, packed in oil or in oil and other substances, in bottles, jars, kegs, tin boxes, or cans, 25 per centum ad valorem; and all other fish, except shellfish, in tin packages, not specially provided for in this section, 15 per centum ad valorem; * * *

Importers protested, claiming therein, as set forth in their brief in this court, the merchandise dutiable "at 15 per cent ad valorem under paragraph 385 as a nonenumerated article manufactured in whole or part, or under paragraph 386, and the second clause of paragraph 216 as fish in tins at 15 per cent ad valorem, the rate which a nonenumerated article composed of several materials would take, provided fish was the single component of chief value."

---

[1] T. D. 39101.

The relevant part of paragraph 386 is—

* * * and on articles not enumerated, manufactured of two or more materials, the duty shall be assessed at the highest rate at which the same would be chargeable if composed wholly of the component material thereof of chief value; * * *

Paragraph 385 provides for a duty of 10 per cent ad valorem on raw or unmanufactured articles not enumerated or provided for, and for a duty of 15 per cent ad valorem on articles manufactured in whole or in part not provided for.

When the protest came on for hearing before the Board of General Appraisers it was stipulated that fish was the component material of chief value, and two samples were offered and received in evidence.

Upon this state of facts the Board of General Appraisers overruled the protest. In its opinion it referred to the stipulation and to the samples, and then said:

An examination of the sample seems to indicate that the fish are packed in oil; at any rate it does not by visual examination show the contrary with sufficient force to overcome the presumption that the collector was correct.

Thereupon the importers appealed.

At the hearing of the case in this court one of the samples of the importation, a small tin box, was opened for the purpose of informing the court more definitely of what "antipasto" was composed. Inspection thereof clearly shows the material to be olives, onions, gherkins, artichokes (probably), fish and oil, of which, pursuant to the stipulation, it is assumed fish is the component material of chief value. The inspection also shows that so far as quantity or bulk is concerned the fish does not equal the aggregate quantity or bulk of the other components, excluding the oil. It is imported in tin boxes.

If the sample can contained nothing but the quantity of fish and oil now therein, the conclusion of the board would be clearly justified, but we can not close our eyes to the fact that it contains four articles of vegetable origin, and that the oil is used as a packing therefor, as well as a packing for the fish. Though the fish is the component of chief value, the other articles are at least in the aggregate the predominant components as compared with the fish. We do not think in the common meaning of the term, as found in paragraph 216, this merchandise is fish packed in oil, or in oil and other substances, because we do not believe Congress intended in the paragraph to regard as a packing for fish such a quantity and variety of vegetable products as are in the sample can here.

The imported article is apparently in fact just what it is labeled, namely, a relish, and fish is no more, if as much, the important element thereof than the aggregate of the component vegetable products. Therefore the article itself overthrows the presumed correctness of the collector's classification as fish in oil, or as fish packed in oil and other substances, as claimed by the Government.

The question recurs as to the proper classification of the merchandise. It is called "antipasto," a new name probably originally coined and now used to describe this particular commodity. It is neither fish packed in oil or in oil and other substances in tins, nor fish in tins under paragraph 216. It is rather a nonenumerated manufactured article, and because it is manufactured of more than two materials it must, by reason of the quoted part of paragraph 386, be assessed at the highest rate at which it would be chargeable if composed of its component material of chief value, viz, fish.

Fish, not shellfish, in tins, is, under the second clause of the quoted part of paragraph 216, dutiable at 15 per cent ad valorem, and this "antipasto" therefore takes that rate of duty as claimed by the importers.

An article called "antipasto" made of the same kind, or of similar materials as that now before us, has by the Board of General Appraisers consistently been held dutiable at the rate provided for fish in tins under tariff statutes not essentially different from those now under consideration.

See T. D. 27886, decided February 4, 1907, under the act of 1897; also T. D. 34186 (Abstract 34766), decided February 10, 1914, under the act of 1909; also under the same act T. D. 34889 (Abstract 36828); also Abstract 37679 found in volume 28 of the Treasury Decisions at page 666, and Abstract 37706 found in the same volume at page 721.

It should be observed that in some of these decisions such assessment has been upheld in opposition to the importer's protest.

In connection with these decisions of the Board of General Appraisers it is proper to note, however, that in the act of 1897 (see paragraph 258 thereof), the statute provided for fish "packed in oil or otherwise," etc.; that in the act of 1909 (see paragraph 270), the provision was for fish "packed in oil," etc., while in the present act it will be noted the language is "packed in oil or in oil and other substances" instead of "in oil or otherwise" as in the act of 1897.

Why the words "or otherwise" were omitted from the act of 1909 does not appear. It does appear that when the act of 1913 was under consideration by the Ways and Means Committee it was urged that the words "or otherwise" be restored to the fish paragraph, upon the ground, as stated, that by reason of their omission from the act of 1909 there had been an increased importation of certain foreign products greatly detrimental to one phase of the fish canning industry in this country, which, by reason of certain facts set forth in the representation to the committee, it was feared would be increased. See volume 3 of the hearings before Ways and Means Committee relative to the tariff act of 1913 at page 2823.

The Government urges that the contention of importers is inconsistent with our conclusion in Benson v. United States (4 Ct. Cust. Appls. 467; T. D. 33882), while the importers largely rely upon that case as an authority here.

We think our present conclusion is consistent with the view there adopted.

The merchandise was so-called fish balls or fish pudding made of haddock, flour, and milk, fish being the component of chief value. It had been classified and assessed under paragraph 270 of the act of 1909 as other fish, except shellfish, in tin packages, which classification was sustained by the board and in this court. The opinion by Montgomery, then presiding judge, contains an enlightening and exhaustive discussion and review of the authorities, and may be referred to. We note in this connection that in that opinion it is stated that the board relied upon T. D. 21785. The correct reference should have been instead to T. D. 21758.

We do not find the cases of Smith & Co. v. United States (5 Ct. Cust. Appls. 40; T. D. 34008) or of Strohmeyer & Arpe Co. v. United States (5 Ct. Cust. Appls. 527; T. D. 35175), also cited by the Government, to sustain a conclusion contrary to that reached by us in the instant case.

The result is that the judgment of the Board of General Appraisers is *reversed.*