UNITED STATES *v.* DELAPENHA & CO. ET AL. (No. 2331).[1]

FISH RELISH.

 A relish, invoiced as hors d'oeuvre, made of fish, pickles, olives, and peppers, packed in oil and put up in glass jars, the fish being the component material of chief value, is dutiable by virtue of paragraph 386, tariff act of 1913, as if composed entirely of the component material of chief value—i. e., as fish in oil in jars under paragraph 216. It is not dutiable under this paragraph as fish in tin packages. Being provided for by paragraph 216, it is not a non enumerated manufacture under paragraph 385.

---

[1] T. D. 40225.

United States Court of Customs Appeals, May 19, 1924.

APPEAL from Board of United States General Appraisers, Abstract 46264.

[Reversed.]

*William W. Hoppin*, Assistant Attorney General (*Charles D. Lawrence* and *Ralph Folks*, special attorneys, of counsel), for the United States.
*Barnes, Wilson & Halstead* for appellees.

[Oral argument March 19, 1924, by Mr. Lawrence and Mr. Halstead.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges.

MARTIN, Presiding Judge, delivered the opinion of the court:

The merchandise now in question was invoiced as hors d'oeuvre. It is a relish consisting of a mixture of fish, pickles, olives, and peppers, packed in oil and put up in glass jars, fish being the component material of chief value. The collector assessed duty upon it at the rate of 25 per cent ad valorem under the provision for "fish, * * * packed in oil or in oil and other substances," in paragraph 216 of the tariff act of 1913. The importers protested, claiming assessment of the merchandise at the rate of 15 per cent ad valorem as a nonenumerated manufactured article under paragraph 385 of the act, or under the provision for "all other fish, * * * in tin packages," in paragraph 216 aforesaid.

The Board of General Appraisers sustained the claim for an assessment of the merchandise at the rate of 15 per cent ad valorem as a nonenumerated manufactured article under paragraph 385, from which judgment the Government appealed.

The following quotations from the tariff act of 1913 are copied as relevant to the issue:

216. Fish, except shellfish, by whatever name known, packed in oil or in oil and other substances, in bottles, jars, kegs, tin boxes, or cans, 25 per centum ad valorem; all other fish, except shellfish, in tin packages, not specially provided for in this section, 15 per centum ad valorem; caviar and other preserved roe of fish, 30 per centum ad valorem; fish, skinned or boned, ¾ of 1 cent per pound.

385. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for in this section, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not provided for in this section, a duty of 15 per centum ad valorem.

386. * * * ; and on articles not enumerated, manufactured of two or more materials, the duty shall be assessed at the highest rate at which the same would be chargeable if composed wholly of the component material thereof of chief value; and the words "component material of chief value," wherever used in this section, shall be held to mean that component material which shall exceed in value any other single component material of the article; and the value of each component material shall be determined by the ascertained value of such material in its condition as found in the article. * * *.

In the case of Russo & Co. *v*. United States (11 Ct. Cust. Appls. 288; T. D. 39101), this court dealt with similar merchandise imported under the tariff act of 1913, except for the important difference that

it was put up in tin containers instead of in glass jars. The article bore the trade name of "antipasto," and was composed of fish, olives, onions, gherkins, and artichokes (probably), in oil, put up as aforesaid in tin packages. The collector assessed duty thereon at the rate of 25 per cent ad valorem under the provision for fish in oil or in oil and other substances, contained in paragraph 216, supra. The importers protested, claiming an assessment of 15 per cent ad valorem under the provisions for nonenumerated manufactured articles in paragraph 385, or an assessment at the same rate under the enumeration of fish in tin packages, by force of the provisions of paragraphs 386 and 216. Upon that issue the court held that the merchandise as described did not respond to the description of "fish, * * * packed in oil or in oil and other substances," and accordingly that it was not dutiable at 25 per cent ad valorem as assessed; but that it was a nonenumerated manufactured article composed of two or more materials, and was dutiable at the rate applicable to the component material of chief value thereof. Since fish was the component material of chief value, and the mixture was packed in tin containers, the court held the articles to be dutiable at the rate imposed by paragraph 216 upon fish in tin packages, to wit, 15 per cent ad valorem.

We quote from that decision as follows:

The question recurs as to the proper classification of the merchandise. It is called "antipasto," a new name probably originally coined and now used to describe this particular commodity. It is neither fish packed in oil or in oil and other substances in tins, nor fish in tins under paragraph 216. It is rather a nonenumerated manufactured article, and because it is manufactured of more than two materials it must, by reason of the quoted part of paragraph 386, be assessed at the highest rate at which it would be chargeable if composed of its component material of chief value, viz, fish.

Fish, not shellfish, in tins, is, under the second clause of the quoted part of paragraph 216, dutiable at 15 per cent ad valorem, and this "antipasto" therefore takes that rate of duty as claimed by the importers.

An article called "antipasto," made of the same kind, or of similar materials as that now before us, has by the Board of General Appraisers consistently been held dutiable at the rate provided for fish in tins under tariff statutes not essentially different from those now under consideration.

According to the rule thus enunciated the present merchandise is not directly dutiable under the enumeration of "fish, * * * in oil or in oil and other substances," in paragraph 216, but is dutiable as a nonenumerated manufactured article composed of two or more materials, at the rate applicable to the component material of chief value thereof. In this case, however unlike the former one, the component material of chief value of the mixture is not fish in tin packages, but fish in oil in glass jars. Therefore the rate of duty applicable to the present merchandise is 25 per cent ad valorem, as assessed by the collector.

It is also worthy to note that merchandise of this character has been regularly passed by the appraisers during a period of about 15 years preceding this importation, under the same enumeration as that adopted in this instance.

The judgment of the board is accordingly *reversed*.