CELLAS (INC.) *v.* UNITED STATES (No. 3317)[1]

United States Court of Customs and Patent Appeals, November 10, 1930

*Walden & Webster* (*Jacob L. Klingaman* and *Edward F. Jordan* of counsel) for appellant.

[1] T. D. 44405.

*Charles D. Lawrence*, Assistant Attorney General (*James R. Ryan* and *Ralph Folks*, special attorneys, of counsel), for the United States.

[Oral argument October 16, 1930, by Mr. Jordan and Mr. Folks]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

The merchandise in this case is antipasto, composed, according to the stipulation, "of fish, olives, onions, gherkins, artichokes, and oil."

It was assessed for duty at 30 per centum ad valorem under that portion of paragraph 720 of the Tariff Act of 1922 which reads as follows:

PAR. 720. Fish (except shellfish), by whatever name known, packed in oil or in oil and other substances, 30 per centum ad valorem; * * *

The importer protested claiming the proper classification to be under that portion of the same paragraph (720) which reads:

* * * all fish (except shellfish), pickled, salted, smoked, kippered, or otherwise prepared or preserved (except in oil or in oil and other substances), in immediate containers weighing with their contents not more than fifteen pounds each, 25 per centum ad valorem; * * *

An alternative claim in the protest was "20% ad valorem under par. 1459," but this is not insisted upon and will not be further considered.

The Customs Court overruled the protest and the importer appeals. In its decision the Customs Court, speaking through Mr. Justice Brown, says:

This protest attempts to raise again a settled issue which was fully treated in G. A. 8933, T. D. 46665, 47 Treas. Dec. 135, and again reiterated in Abstract 51382, 49 Treas. Dec. 1154.

No testimony was taken in the court below, the case being submitted upon the following stipulation:

It is hereby stipulated and agreed by and between counsel that all the merchandise on the invoice covered by the protest herein consists of antipasto composed of fish, olives, onions, gherkins, artichokes, and oil; that fish is the component of chief value therein, but the aggregate quantity or bulk of the other components, excluding the oil, exceeds that of the fish component; that the said merchandise is packed in tins weighing with their contents not more than fifteen (15) pounds each, and that it is similar in all material respects to the antipasto, the subject of the decision of the Court of Appeals in *Russo* v. *United States*, 11 Ct. Cust. Appls. 288.

The protest is submitted on this stipulation.

Importer relies upon the decision of this court in the case of *Russo & Co.* v. *United States*, 11 Ct. Cust. Appls. 288, T. D. 39101, and the

reasoning in *United States* v. *Delapenha & Co. et al.*, 12 Ct. Cust. Appls. 209, T. D. 40225, both of which cases arose under the Tariff Act of 1913.

In the *Russo & Co.* case, the merchandise was, according to the stipulation, *supra*, the same as that here involved. It had there the same name—"antipasto."

This court, speaking through the late Judge Barber, then said of the article:

\* \* \* It is neither fish packed in oil, or in oil and other substances in tins, nor fish in tins under paragraph 216. It is rather a nonenumerated manufactured article, and because it is manufactured of more than two materials it must, by reason of \* \* \* paragraph 386, be assessed at the highest rate at which it would be chargeable if composed of its component material of chief value, viz, fish.

The opinion then continues:

Fish, not shellfish, in tins, is, under the second clause of \* \* \* paragraph 216, dutiable at 15 per cent ad valorem, and this "antipasto" therefore takes that rate of duty as claimed by the importers.

The relevant portion of paragraph 386 of the act of 1913 above referred to reads:

\* \* \* and on articles not enumerated, manufactured of two or more materials, the duty shall be assessed at the highest rate at which the same would be chargeable if composed wholly of the component material thereof of chief value; \* \* \*

The language immediately above quoted was retained in identical words in the Tariff Act of 1922 and is a part of paragraph 1460. It is generally known as the mixed-materials clause.

In the *Delapenha* case, *supra*, the merchandise was quite similar to that of the *Russo* case and of the instant case, in so far as its ingredients were concerned, but it was there in glass jars, instead of being, as in the *Russo* case and in this case, in tins. It was held, following the *Russo* case, to be a nonenumerated manufactured article, but, apparently by reason of its being in glass jars, which were not mentioned in the second clause of paragraph 216, but were mentioned in the first clause, act of 1913, it was held that it should take the rate of the first clause of that paragraph.

In other words, in the *Russo* case, the court held that, in view of the fact that the merchandise consisted not of fish alone but of a mixture of ingredients, it, in the contemplation of the statute was (a) not fish packed in oil, and (b) not fish packed in oil and other substances. This eliminated the goods from the first clause of paragraph 216, act of 1913. The court further held that, in the contemplation of the statute, the merchandise was (c) not fish in tins, and this eliminated it from the second clause of the paragraph.

The effect of these holdings was to decide that the goods did not *eo nomine*, or of themselves, fall within any part of the paragraph 216. They were accordingly held to be nonenumerated manufactured articles, and, as such, subject to the mixed-materials clause of paragraph 386, *supra*. The ingredient of chief value in the merchandise was the fish, and it was determined that this fish was of a character, being in tins, which, were it the sole article in the package, would subject it to the *second* clause of paragraph 216 and, therefore, it was held that the duty rate of that clause should apply. Paragraphs 216 and 386 were applied in connection with each other, as the law provided.

In the *Delapenha* case, by the same process of reasoning as that applied in the *Russo* case, the merchandise was first eliminated from paragraph 216 and then held to be a nonenumerated manufactured article, but, being in glass jars rather than in tin packages, it was held to be subject to the rate of duty provided in the *first* clause of 216.

It thus appears that the distinction between the cases rested, in part at least, upon the character of the containers (one tins and the other glass jars) in which the merchandise was imported.

Subsequent to the time when these cases originated under the Tariff Act of 1913, the Tariff Act of 1922 was enacted. We think it will be proper to set forth the material provisions of the respective pertinent fish paragraphs in parallel columns:

*Act of 1913*

PAR. 216. Fish, except shellfish, by whatever name known, packed in oil or in oil and other substances, in bottles, jars, kegs, tin boxes, or cans, 25 per centum ad valorem; all other fish, except shellfish, in tin packages, not specially provided for in this section, 15 per centum ad valorem; * * *

*Act of 1922*

PAR. 720. Fish (except shellfish) by whatever name known, packed in oil or in oil and other substances, 30 per centum ad valorem; all fish (except shellfish), pickled, salted, smoked, kippered, or otherwise prepared or preserved (except in oil or in oil and other substances), in immediate containers weighing with their contents not more than fifteen pounds each, 25 per centum ad valorem.

Among the differences in the respective acts are:

1. The act of 1913 specified the kinds of containers—bottles, jars, kegs, etc.; the act of 1922 does not so specify but only says "in immediate containers weighing," etc.;

2. In the second clause of the paragraph of the 1913 act there is no mention of oil; in the second clause of the paragraph of the 1922 act such fish as are prepared or preserved in oil, in or oil and other substances, are expressly excepted from that clause;

3. In the 1913 act containers are mentioned by specific names in both clauses; in the 1922 act no container is named or referred to in

the first clause, and only the general designation—"containers"—is in the second;

4. The beginning words of the second clause of the paragraph of the 1913 act are "All other fish"; of the paragraph of the 1922 act, "All fish," the word "other" being omitted;

5. Types of prepared or preserved fish are included in the second clause of the paragraph of the 1922 act which are not named anywhere in the paragraph of the 1913 act.

Apparently the first case to arise under the act of 1922 was that of *Cellas (Inc.)* v. *United States*, G. A. 8933, T. D. 40665, which was decided by the Board of General Appraisers (now the United States Customs Court) on February 6, 1925.

After citing the *Russo* and *Delapenha* cases, *supra*, and stating their substance and after quoting the respective statutes, the board said:

It will be noted fish *in tins* as a special classification does not appear in paragraph 720 of the new act, therefore the fact that this particular fish is, as in the *Russo* case, packed in tins can not determine under which clause in paragraph 720 it must be classified. Without that factor it seems clear that it is more nearly similar to fish "packed in oil or in oil and other substances," than it is to fish, "pickled, salted, smoked, kippered, or preserved (except in oil or in oil and other substances)." We therefore hold that the merchandise was properly classified at 30 per centum ad valorem under the first clause of paragraph 720, and judgment will issue accordingly. [Italics quoted.]

As stated in an earlier part of our opinion, it was the above-quoted decision and another, similar in character, which were cited by the Customs Court in its decision of the instant case.

The decision quoted took no note of any of the changes in the Tariff Act of 1922, except to direct attention to the fact that "fish in tins as a special classification does not appear in paragraph 720."

We are inclined to the view pressed by the importer, here, that this change of itself should not control the decision of the instant case; the words "in immediate containers" were probably intended to broaden the container provision beyond what were specifically named in the act of 1913, and the general term "containers" would seem to include tins, jars, and all kinds of receptacles used.

But, without specifically adjudicating this question, there are other changes which, in our opinion, must be taken into account.

This court has several times had occasion to state and apply the doctrine that a change in the wording of a statute imports a change of meaning unless the contrary is made plainly to appear. *United States* v. *American Brown Boveri Electric Corp.*, 17 C. C. P. A. (Customs) 329, 333, T. D. 43776; *United States* v. *Richard Hudnut*, 15 Ct. Cust. Appls. 463, T. D. 42646; *United States* v. *Post Fish Co.*, 13 Ct. Cust. Appls. 155, T. D. 41022.

The changes which we regard as material to the immediate issue have been specified *supra*.

Among them is found the exception from the second clause of paragraph 720, Tariff Act of 1922, of all fish prepared in oil or in oil and other substances.

The first clause of paragraph 216, act of 1913, provided for all fish (except shellfish) by whatever name known, packed either in oil alone or in oil and other substances. So does the first clause of paragraph 720 of the act of 1922, and that is the only class of fish which is provided for in these respective clauses.

The act of 1913, however, in the second clause provided for all *other* fish (except shellfish) in tin packages; whereas the second clause of paragraph 720, act of 1922, provides for *all* (the word "other" being omitted) fish (except shellfish) which are pickled, salted * * * or otherwise *prepared* or *preserved (except in oil or in oil and other substance)* that are in containers, and applies a weight standard, which standard was unknown to paragraph 216 of the act of 1913.

It thus appears that in framing the language of paragraph 720 in the act of 1922 the Congress took particular pains to make it perfectly clear that they proposed expressly to exclude from the second clause all fish that were included in the first clause, and they brought into the second clause types or varieties which had not been named in either of the clauses of paragraph 216 of the act of 1913.

Whatever might be the opinion of the reasoning in the *Russo* case, based upon the statute as it was then worded, we do not feel that it should be followed in construing the statute now in force. The merchandise here involved is in oil. This oil is either for a preservative or to perform some useful function in the preparation of the "Antipasto" for consumption. In either event it is expressly excepted from the second clause of paragraph 720, act of 1922, and when treated, for duty purposes, as "fish" because of that ingredient being the element of chief value among its several elements, it falls squarely within the first clause.

The merchandise here is a nonenumerated manufactured article which, by reason of fish being its material of chief value and by reason of its being in oil, is, under the provisions of the mixed-materials clause of paragraph 1460, Tariff Act of 1922, subject to the duty provided for "fish packed in oil" in the first clause of paragraph 720—30 per centum ad valorem. We so adjudge.

The judgment of the Customs Court is *affirmed.*