SCARAMELLI & Co., INC. *v.* UNITED STATES (No. 3713) [1]

United States Court of Customs and Patent Appeals, February 12, 1934

*Brown & Carter* (*Allan R. Brown* and *Fred J. Carter* of counsel) for appellant.
*Charles D. Lawrence*, Assistant Attorney General (*Daniel I. Auster*, special attorney of counsel), for the United States.

[1] T. D. 46959.

[Oral argument December 5, 1933, by Mr. Brown and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court overruling the protest of appellant and sustaining the classification and assessment by the Collector of Customs of certain merchandise known as antipasto. Duty was taken at 30 per centum ad valorem, the provision of paragraph 718 (a) of the Tariff Act of 1930 being held to be applicable.

The report of the Collector of Customs transmitting the protest and accompanying papers to the trial court states that the classification and assessment were made "following T.D. 40665."

T.D. 40665 was a decision by the United States Board of General Appraisers (now the United States Customs Court) in a case involving antipasto, evidently the same in character as that here involved, arising under the Tariff Act of 1922, wherein that tribunal, holding the merchandise to be a nonenumerated manufactured article composed of mixed materials, applied the doctrine of similitude. There was no appeal with respect to T.D. 40665, but subsequently the question was brought before this court in another case to be hereinafter referred to.

The instant suit was tried before the First Division of the United States Customs Court and the opinion is by Judge Brown with Judges McClelland and Sullivan concurring in the conclusion. The opinion of Judge Brown rests upon the doctrine of similitude under the provisions of paragraph 1559 of the Tariff Act of 1930, together with the provision of that paragraph that the component material of chief value shall control the classification when an article is composed of two or more materials. In other words, the reasoning of Judge Brown follows his prior opinion in T.D. 40665 above alluded to. Judges McClelland and Sullivan merely state their concurrence in the conclusion without assigning reasons therefor.

The protest claims the merchandise to be dutiable at only 25 per centum ad valorem by reason of the claimed applicability of either paragraph 718 (b) or paragraph 720 (b) of said act. Also the protest and assignment of errors includes a claim at 20 per centum ad valorem under paragraph 1558 of said act, but this latter claim is not insisted upon except in the event this court—

while adhering to the rule that the antipasto at bar is a nonenumerated manufactured article, should for any reason hold that the mixed materials clause [of paragraph 1559 of said act] does not apply.

The case was submitted to the trial court upon a stipulation of the parties, made through their respective attorneys, the material portion of which reads:

It is hereby stipulated and agreed by and between counsel that all the merchandise on the invoice covered by the protest herein consists of antipasto composed of fish, olives, onions, gherkins, artichokes, and oil; that fish is the component of chief value therein, but the aggregate quantity or bulk of the other components, excluding the oil, exceeds that of the fish component; that the said merchandise is packed in tins weighing with their contents not more than fifteen (15) pounds each, and that it is similar in all material respects to the antipasto, the subject of the decisions of the Court of Appeals in *Russo* v. *United States*, 11 Ct. Cust. Appls. 288, and *Cellas, Inc.* v. *United States*, T.D. 44405.

Merchandise, apparently of the same nature as that here involved, has been the subject of much litigation in determining its proper classification under various tariff acts, extending at least as far back as the 1897 act. It came before this court under the name of "antipasto", evidently a word then freshly coined, in the case of *Russo & Co.* v. *United States*, 11 Ct. Cust. Appls. 288, T.D. 39101, and was again before this court in the case of *United States* v. *Delapenha & Co.*, 12 Ct. Cust. Appls. 209, T.D. 40225, both cases arising under the 1913 tariff act.

In both cases the merchandise was held by this court to be a nonenumerated manufactured article of mixed materials, dutiable, because of its component of chief value, under, or by application of, paragraph 216 of the said act, the pertinent portion of which read:

Fish, except shellfish, by whatever name known, packed in oil or in oil and other substances, in bottles, jars, kegs, tin boxes, or cans, 25 per centum ad valorem; all other fish, except shellfish, in tin packages, not specially provided for in this section, 15 per centum ad valorem  *  *  *.

Because of a difference in the containers, this court held different rates of duty applicable in the respective cases, the rate of 15 per centum provided in the second clause of the quoted paragraph being applied in the *Russo* case, *supra*, because the merchandise was in tins, and the rate of 25 per centum provided in the first clause being applied in the *Delapenha* case, *supra*, because the merchandise was in glass jars.

This difference in rates resulted, solely, from the difference in the containers and not from any expressed change of opinion on the part of the court as to the character of the merchandise *per se*. In neither of those cases does the opinion of this court make any reference to the doctrine of similitude as such, but the United States Customs Court in T.D. 40665, *supra*, seems to have construed this court's opinion as utilizing or applying that doctrine.

The Tariff Act of 1922 made certain changes in language in the fish paragraph, pertinent to antipasto, and this resulted in new litigation respecting the proper classification of the merchandise. The subject

matter reached this court and was adjudicated in the case of *Cellas, Inc.* v. *United States*, 18 C.C.P.A. (Customs) 237, T.D. 44405, which involved an appeal from a judgment of the United States Board of General Appraisers (now the United States Customs Court), Abstract 10238, wherein that tribunal, following its own prior decisions in T.D. 40665 and Abstract 51382 (in which latter two cases no appeals were taken), classified the merchandise under the mixed-materials provision of the act, again applying the doctrine of similitude.

In the *Cellas* case, *supra*, this court reviewed the *Russo* and *Delapenha* cases, *supra*, quoted the respective pertinent paragraphs of the tariff acts under which they respectively arose, analyzed the changes in verbiage, and, stating that, by reason of these changes, the *Russo* case, *supra*, was not controlling under the Tariff Act of 1922, held:

> The merchandise here is a nonenumerated manufactured article which, by reason of fish being its material of chief value and by reason of its being in oil, is, under the provisions of the mixed-materials clause of paragraph 1460, Tariff Act of 1922, subject to the duty provided for "fish packed in oil" in the first clause of paragraph 720 * * *.

In so holding, we affirmed the judgment of the trial court, but nothing was said by us of the similitude doctrine. Judge Brown's opinion in the instant case, however, seems to proceed upon the theory (as did T.D. 40665 in construing our opinions in the *Russo* and *Delapenha* cases, *supra*), that we did utilize or apply that doctrine.

The pertinent portion of paragraph 720 of the Tariff Act of 1922 under which the merchandise was so classified in the *Cellas* case, *supra*, read as follows:

> PAR. 720. Fish (except shellfish), by whatever name known, packed in oil or in oil and other substances, 30 per centum ad valorem; all fish (except shellfish), pickled, salted, smoked, kippered, or otherwise prepared or preserved (except in oil or in oil and other substances), in immediate containers weighing with their contents not more than fifteen pounds each, 25 per centum ad valorem * * *.

Our decision in that case applied the first clause of the paragraph, viz, "Fish * * * packed in oil or in oil and other substances * * *."

In framing the Tariff Act of 1930, Congress made numerous changes in arranging the paragraphs relating to fish. Subparagraphs have been introduced, phrases have been transposed, and the act contains much more of detail than did either the act of 1913 or that of 1922.

Involved here are paragraph 718 (a), under which the collector classified the merchandise, and paragraphs 718 (b) and 720 (b), under which importer alternatively claims. These read:

> PAR. 718. (a) Fish, prepared or preserved in any manner, when packed in oil or in oil and other substances, 30 per centum ad valorem.
> (b) Fish, prepared or preserved in any manner, when packed in airtight containers weighing with their contents not more than fifteen pounds each (except

fish packed in oil or in oil and other substances): Salmon, 25 per centum ad valorem; other fish, 25 per centum ad valorem.

PAR. 720. (b) Fish, prepared or preserved, not specially provided for, in immediate containers weighing with their contents not more than fifteen pounds each, 25 per centum ad valorem; in bulk or in immediate containers, weighing with their contents more than fifteen pounds each, 1¼ cents per pound net weight.

It is the first contention of appellant that, by reason of the changes made, the Congress has evidenced an intent that the antipasto involved shall be classifiable, under the rule laid down in the *Russo* case, *supra*, which, it is insisted, would make applicable either paragraph 718 (b), *supra*, or paragraph 720 (b), *supra*, of the Tariff Act of 1930.

Appellant's second contention relates to the claim conditionally made under the second clause of paragraph 1558 of the Tariff Act of 1930—the basket paragraph relating to nonenumerated articles, manufactured and unmanufactured.

The second contention may be here disposed of by saying that it seems obvious that our former decisions relating to the subject matter involved do not admit of classification under the said paragraph 1558, there being no legislative changes to require it.

It may also be taken as definitely settled by our prior decisions that the involved merchandise is not classifiable, *per se*, as fish, but that it is classifiable as a nonenumerated manufactured article of mixed materials, duty to be determined by its component of chief value, which component, by the terms of the stipulation, is fish. We find nothing in the Tariff Act of 1930, or in the legislative history attending its consideration and passage, indicating any intent on the part of Congress to define the merchandise, for tariff purposes, different from the manner in which this court has uniformly defined it. It is proper to state that both parties hereto agree that such is the applicable rule under the Tariff Act of 1930.

Upon this basis we turn to the consideration of appellant's first and principal contention.

A comparison of the 'pertinent paragraphs of the respective tariff acts of 1913, 1922, and 1930, discloses a different arrangement of language in each, and, as was stated by us in the *Cellas* case, *supra*, citing authorities, "a change in the wording of a statute imports a change of meaning unless the contrary is made plainly to appear."

The question before us, therefore, is primarily whether the changes in arrangement, consisting largely, so far as here pertinent, of the transposition of phrases, has, in fact, altered the meaning and made necessary any construction of the present pertinent law different from our construction of the pertinent parts of the Tariff Act of 1922.

As has been stated, this court in the *Cellas* case, *supra*, held applicable the first clause of paragraph 720 of the Tariff Act of 1922. That clause contained the words "packed in oil or in oil and other sub-

stances", but did not contain the words "prepared or preserved." These latter words appeared in the second clause of the said paragraph, followed immediately by the phrase, in parenthesis, "except in oil or in oil and other substances." The natural construction was that this exception excluded from the second clause the fish provided for in the first clause.

Paragraph 718 (a) of the Tariff Act of 1930 does contain the words "prepared or preserved" and these are followed immediately by the phrase "when packed in oil  *  *  *." In other words, the only change, as to paragraph 718 (a), *supra*, material to be here considered, appears to be the insertion therein of the words "prepared or preserved in any manner."

Certainly, the fish which is in the antipasto here involved is, in fact, prepared or preserved, and said fish is in oil the same as was the fish in the antipasto involved in the *Cellas* case, *supra*.

Paragraphs 718 (b) and 720 (b) of the Tariff Act of 1930, when taken together, seem to be somewhat analogous to the second clause of paragraph 720 of the Tariff Act of 1922, although, in some respects, more elaborate in detail. Also, there is analogy between them and the "all other fish" clause (second clause) of paragraph 216 of the 1913 tariff act.

It is to be noted, however, that neither paragraph 718 (b) nor paragraph 720 (b) of the Tariff Act of 1930 provides in terms for any character of fish in oil. Indeed, paragraph 718 (b) expressly excludes "fish packed in oil or in oil and other substances" just as did the second clause of paragraph 720 of the Tariff Act of 1922.

Manifestly, of the paragraphs here involved, paragraph 718 (a) is the only one which makes express provision for fish in oil.

It is argued by appellant, in effect, however, that since it was held by this court in the *Russo* case, *supra*, that the fish, which was there in oil, fell under the second clause of paragraph 216, Tariff Act of 1913, which made no *eo nomine* mention of oil, and since paragraph 720 (b) of the Tariff Act of 1930, which appellant designates a "residuary provision for fish in immediate containers", contains no reference to oil, the rule laid down in the *Russo* case, *supra*, is now applicable, and that paragraph 720 (b) should apply.

We are unable to agree with this contention. To so hold, we should virtually have to disregard the fact that the fish in the antipasto here involved is in oil, and disregard also the express provision in paragraph 718 (a), *supra*. We find no changes in language in the Tariff Act of 1930 which make proper any construction different from the construction made of the pertinent paragraphs involved in the *Cellas* case, *supra*.

In reaching our conclusion it is not meant to approve of the application of the similitude doctrine made in the opinion of the trial court.

The merchandise is an article manufactured by mixing materials, the component of chief value being fish. It is subject, therefore, to the mixed-materials rule laid down in paragraph 1559 of the Tariff Act of 1930, and, the fish being in oil, the proper rate is that fixed in paragraph 718 (a), *supra*—30 per centum ad valorem.

The judgment of the United States Customs Court is *affirmed*.