## Movius *v.* Arthur.

1. The act of Congress, approved June 6, 1872 (17 Stat. 230), does not repeal the provisions in the acts of March 2, 1861 (12 id. 189), Aug. 5, 1861 (id. 293), and July 14, 1862 (id. 555), imposing duties on japanned, patent, or enamelled leather or skins.

2. It is a general rule in the construction of revenue statutes, that specific provisions for duties on a particular article are not repealed or affected by the general words of a subsequent statute, although the language is sufficiently broad to cover that article.

3. The expression " not herein otherwise provided for," in the act of June 6, 1872, *supra*, has reference to the provisions of that act, and not to those of some previous act.

Error to the Circuit Court of the United States for the Southern District of New York.

This is an action by Joseph Movius, surviving partner of the firm of F. Wigand & Co., to recover $172.39 being the amount of certain import duties alleged to have been unlawfully demanded and collected from them by the defendant in error, as the collector of the port of New York.

Between Aug. 1 and Dec. 31, 1872, Wigand & Co. imported from foreign countries into the port of New York, and duly entered at that custom-house, several invoices of " varnished calf-skins," and a further invoice of goods, designated therein as " varnished cow-skins."

The collector of customs, under the classification of " patent, japanned, or enamelled leather or skins of all kinds," in the acts of March 2, 1861, sect. 22, and July 14, 1862, sect. 13, imposed and collected on all the said goods a duty at thirty-five per cent, granting thereon the reduction of ten per cent, provided by sect. 2 of the act of June 6, 1872, for " leather not otherwise herein provided for." Wigand & Co., claiming that the goods were dutiable at twenty per cent only under the provisions of sect. 1 of the act of June 6, 1872, for " upper leather of all other kinds, and dressed and furnished skins of all kinds not herein otherwise provided for," duly protested, and appealed to the Secretary of the Treasury, who sustained the decision of the collector. This action was then brought.

The court below found for the collector, whereupon the case was removed here.

*Mr. Edward Hartley* for the plaintiff in error.

*The Solicitor-General,* contra.

Mr. Justice Hunt delivered the opinion of the court.

The question in this case arises upon the construction of the revenue acts of the United States, there being no disputed questions of fact.

By the twentieth section of the act of March 2, 1861, 12 Stat. 189, it is enacted as follows: —

"From and after the day and year aforesaid there shall be levied, collected, and paid a duty of twenty per cent on the importation of the articles hereinafter mentioned and embraced in this section; that is to say, . . . leather tanned, bend or sole, leather upper, of all kinds except tanned calf-skins, which shall pay twenty-five per cent *ad valorem*, . . . skins tanned and dressed of all kinds."

"Sect. 22. From and after the day and year aforesaid there shall be levied, collected, and paid a duty of thirty per cent on the importation of the articles hereinafter mentioned and embraced in this section; that is to say, japanned, patent, or enamelled leather or skins of all kinds, . . . manufactures and articles of leather, or of which leather shall be a component part, not otherwise provided for."

By the act of Aug. 5, 1861, sect. 2, id. 293, it is enacted: —

"From and after the day and year aforesaid there shall be levied, collected, and paid on the importation of the articles hereinafter mentioned the following duties; that is to say, . . . on sole and bend leather, thirty per cent *ad valorem*."

By the thirteenth section of the act of July 14, 1862, id. 555 –557, it is enacted: —

"From and after the day and year aforesaid, in addition to the duties heretofore imposed by law on the articles hereinafter mentioned, there shall be levied, collected, and paid on the goods, wares, and merchandise enumerated and provided for in this section, imported from foreign countries, a duty of five per cent *ad valorem*.

"Japanned, patent, or enamelled leather or skins of all kinds.

"Leather tanned of all descriptions.

"Manufactures and articles of leather, or of which leather shall be a component part, not otherwise provided for.

"Morocco skins."

By the act of June 6, 1872, 17 id. 230, it is provided as follows : —

"Sect. 1. On and after the first day of August, 1872, in lieu of the duties heretofore imposed by law on the articles hereinafter enumerated or provided for, imported from foreign countries, there shall be levied, collected, and paid the following duties and rates of duties; that is to say, —

"On bend or belting leather, and on Spanish or other sole leather, fifteen per cent *ad valorem.* On calf-skins, tanned or tanned and dressed, twenty-five per cent *ad valorem.* On upper leather of all other kinds, and on skins dressed and finished, of all kinds not herein otherwise provided for, twenty per cent *ad valorem.* On all skins for morocco, tanned but unfinished, ten per cent *ad valorem.*

"Sect. 2. On and after the first day of August, 1872, in lieu of the duties imposed by law on the articles in this section enumerated, there shall be levied, collected, and paid on the goods, wares, and merchandise in this section enumerated and provided for, imported from foreign countries, ninety per cent of the several duties and rates of duty now imposed by law upon said articles severally, it being the intent of this section to reduce existing duties on said articles ten per cent of such duties; that is to say, . . . on all leather not herein otherwise provided for, and on all manufactures of skin, bone, ivory, horn, and leather, except gloves and mittens, and of which either of said articles is the component part of chief value."

The plaintiff in error contends that the words "skins dressed and finished, of all kinds not herein otherwise provided for," in the act of 1872, repeals the provision imposing duties on "japanned, patent, or enamelled leather or skins," in the acts of 1861 and 1862. The collector of the port of New York held otherwise, and compelled him to pay duties according to the provisions of the latter acts. He made such payment under protest, and in this action seeks to recover from the collector the sums thus required to be paid.

It is a general rule, in the construction of revenue statutes, that specific provisions for duties on a particular article are not repealed or affected by the general words of a subsequent statute, although the language is sufficiently broad to cover the article first mentioned.

Thus, an act of 1861, which exempted from duty singing-

birds, land and water fowls, was held not to be repealed by an act imposing a duty of twenty per cent "on all horses, sheep, and other live animals." *Reiche* v. *Smythe*, 13 Wall. 162.

So, in *Homer* v. *The Collector*, 1 id. 486, where a specific duty was imposed upon almonds, *eo nomine*, it was held that almonds were not included within the general terms of a subsequent statute providing a duty on dried fruit, although, in popular language, almonds came within the description.

Patent leather, no doubt, is finished skin; but every finished skin is not patent leather. When a calf-skin is tanned and dressed, that is, softened by the application of some lubricating substance, shaven or cleaned, and then blacked, it is said to be finished. To make it patent leather, it requires another process; to wit, that of varnishing. While all patent leathers are finished skins, it is quite clear that all finished skins are not patent leather. This was no doubt well known to the Congress passing the laws we have quoted, and we can hardly suppose that they meant to include the particular subjects under the general designation.

The expression "not herein otherwise provided for," in the act of 1872, means provided for by the act in which the words occur, and not by some previous act. *Smythe* v. *Fiske*, 23 id. 374.

We find, in examining the statutes imposing duties on foreign importations, that, generally, the highest duty is imposed on the most expensive articles of the same class, and that articles of luxury are taxed higher than those of necessity. In regard to the particular article of japanned leather, strictly an article of luxury, used by the rich only, we find that Congress has usually imposed upon it a higher duty than it has imposed on ordinary leather, an article of strict necessity for the purpose of clothing, and of almost equal necessity in the mechanic arts. It was only during the years of the war, 1861 and 1862, that, for some temporary purpose, this rule was suspended. The following is an illustration: —

Act of 1857, 11 Stat. 192.

Sole leather . . . . . . . . . . . 15 per cent, p. 192.
Upper leather . . . . . . . . . 15 „   „      „
Patent leather (japanned) . . . . . . 19 „   „   pp. 192, 193.
Calf-skins still included in upper leather.

Act of 1861, 12 id. 179.

Sole leather . . . . . . . . . . . 30 per cent, p. 189.
Upper leather . . . . . . . . . . 20 „ „ „
Calf-skin . . . . . . . . . . . . 25 „ „ „
Patent leather . . . . . . . . . . 30 „ „ p. 192.

Act of 1861, id. 292.

Sole leather . . . . . . . . . . . 30 per cent, p. 293.
Upper leather . . . . . . . . . . 20 „ „ p. 189.
Calf-skins . . . . . . . . . . . . 25 „ „ „
Patent leather . . . . . . . . . . 30 „ „ p. 192.

Act of 1862, id. 543.

Sole leather . . . . . . . . . . . 35 per cent, p. 556.
Upper leather . . . . . . . . . . 25 „ „ „
Calf-skins . . . . . . . . . . . . 30 „ „ „
Patent leather . . . . . . . . . . 35 „ „ „

The act of 1872 under consideration. As construed by the collector and by the court below.

Sole leather . . . . . . . . . . . 15 per cent.
Upper leather . . . . . . . . . . 20 „ „
Calf-skins . . . . . . . . . . . . 25 „ „
Patent leather . . . . . . . . . . 31½ „ · „

Revised Statutes, p. 481.

Sole leather . . . . . . . . . . . 15 per cent.
Upper leather . . . . . . . . . . 20 „ „
Calf-skins . . . . . . . . . . . . 25 „ „
Patent leather . . . . . . . . . . 35 „ „

The course of legislation is in harmony with the construction of the collector, while it is quite at variance with that of the plaintiff. The plaintiff's construction imposes a duty of twenty-five per cent on calf-skins simply, and only twenty per cent on the more elaborate and expensive article of patent leather, while that of the collector taxes calf-skins twenty-five per cent, and patent leather thirty-one and a half per cent.

The plaintiff insists further, that all finished skins are dutiable under the act of 1872, and that, as patent leathers are not there named specifically, they are dutiable as "finished skins." This is the question already examined, and we are of the opinion that, as patent leather had been previously specifically

provided for, such duty was not intended to be altered by the general words of the act of 1872. The ruling of the circuit judge upon this principle was sound, and the judgment rendered in conformity therewith must be affirmed; and it is

*So ordered*