## BRENNAN v. UNITED STATES.

(Circuit Court, D. Massachusetts. April 23, 1904.)

No. 1,342.

1. CUSTOMS DUTIES—CLASSIFICATION—PICKLED LIMES—FRUIT IN BRINE—PICKLES.

"Pickled limes," or "limes in brine," are more specifically provided for under the enumeration of "limes," in Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 266, 30 Stat. 172 [U. S. Comp. St. 1901, p. 1651], than under the provision in paragraph 559 of said act, for "fruits in brine, not specially provided for," or that in paragraph 241 of said act, for "all vegetables, prepared or preserved, including pickles and sauces of all kinds, not specially provided for."

Application by the Importers to Review a Decision of the Board of United States General Appraisers.

These proceedings were brought by William F. Brennan to review a decision of the Board of General Appraisers in Re Brennan, G. A. 5,307 (T. D. 24,320), which affirmed the assessment of duty by the collector of customs on certain so-called "pickled limes," or "limes in brine," imported by him at the port of Boston.

See Reiss v. United States (C. C.) 126 Fed. 578.

Hatch, Keener & Clute, for petitioner.
Henry P. Moulton and William H. Garland, for the United States.

HALE, District Judge. This is a petition for review of a decision of the Board of General Appraisers sustaining the action of the collector of customs at Boston in assessing a duty on certain merchandise imported by the petitioner, and entered at Boston January 22, 1902. The collector assessed the duty on the merchandise in question under paragraph 266 of the tariff act of July 24, 1897 (chapter 11, § 1, Schedule G, 30 Stat. 172 [U. S. Comp. St. 1901, p. 1651]), the merchandise having been returned by the appraiser as "limes in brine." Paragraph 266 reads as follows: "Oranges, lemons, limes, grape fruit, shaddocks or pomelos, one cent per pound." The importer protested against the classification and assessment, and claimed that the goods were free of duty, under paragraph 559 of the tariff act of 1897 (chapter 11, § 2, Free List, 30 Stat. 198 [U. S. Comp. St. 1901, p. 1683]). This paragraph reads: "Fruits or berries, green, ripe or dried, and fruits in brine, not specially provided for in this act." The importer claimed further that, if it should be determined that the limes in brine are not free of duty, under paragraph 559, then they should be held classifiable and dutiable at 40 per cent. ad valorem, under paragraph 241 of the tariff act of 1897 (chapter 11, § 1, Schedule G, 30 Stat. 170 [U. S. Comp. St. 1901, p. 1649]), as "pickles." The portion of paragraph 241 under which the importer makes this claim is as follows: "* * * All vegetables, prepared or preserved, including pickles and sauces of all kinds, not specially provided for in this act, and fish paste or sauce, forty per cent. ad valorem." The Board of General Appraisers, on June 13, 1903, overruled the protest of the importer, affirming the collector's assessment of a duty of one cent per pound upon both the fruit and brine. From this

decision of the Board of General Appraisers, the importer has appealed to this court.

The question, then, before the court, is, was the merchandise in question properly classified under paragraph 266 of the tariff act of 1897, or should it have been classified under paragraph 559, as being "fruits in brine," or, if not classified under this last-named paragraph, should it have been classified under paragraph 241 of the same act, as "pickles"? The opinion of the Board of General Appraisers, which now comes before the court, is clearly stated, and puts the decision upon proper grounds. In Roche v. United States (C. C.) 116 Fed. 911, "pickled limes," or "limes in brine," were held to be dutiable under the classification of paragraph 266 of the tariff act of 1897, providing for "oranges, lemons, limes, grape fruit, shaddocks, or pomelos." The Board of Appraisers are correct in saying that the effect of the construction given by the court in the case just cited is to make paragraph 266 provide for limes in brine as fully as if it had read "limes, including limes preserved in brine." This decision was under the clearly recognized principle that articles are not dutiable under general terms where there is a duty imposed under specific language which can be applied to nothing else. Arthur v. Stephani, 96 U. S. 125, 24 L. Ed. 771; Reiche v. Smythe, 13 Wall. 162, 20 L. Ed. 566; Movius v. Arthur, 95 U. S. 144, 24 L. Ed. 420. In Homer v. The Collector, 1 Wall. 486, 17 L. Ed. 688, the object of the suit was to ascertain whether, under the tariff act of 1857 (Act March 3, 1857, c. 98, § 2, 11 Stat. 193), almonds were placed in the category of "dried fruit," upon which a small duty was imposed, the tariff act of 1846 (Act July 30, 1846, c. 74, 9 Stat. 42) having imposed a larger duty upon certain articles enumerated, among which were "almonds." Mr. Justice Nelson, speaking for the Supreme Court, said:

"The argument is that almonds are dried fruit, and hence are provided for in the second section of the act of 1857; and evidence was offered on the trial to show that such was the commercial sense of the term. But this inquiry had nothing to do with the question, and, indeed, it is difficult to see how any such inquiry could take place, except as matter of curiosity and speculation; for certainly such proof could not exist or be found in the sense of commercial usage under any of the tariff acts, as a duty has been imposed on almonds eo nomine almost immemorially, at least since the duty act of 1804 [Act March 27, 1804, c. 57, 2 Stat. 299]."

In Reiche v. Smythe, supra, Mr. Justice Davis said:

"If it be true that it is the duty of the court to ascertain the meaning of the Legislature from the words used in the statute and the subject-matter to which it relates, there is an equal duty to restrict the meaning of general words, whenever it is found necessary to do so, in order to carry out the legislative intention."

The case at bar is clearly within the rule announced by the Supreme Court in the cases to which we have just referred. The specific provision of paragraph 266 of the tariff act of 1897, imposing a duty on "limes" eo nomine, must be held to override the general provision of paragraph 559 of the same act, which admits free of duty "fruits in brine not specially provided for." The merchandise in question upon which the duty was assessed must be held to have been "specially provided for," under the specific provision of paragraph 266; hence the general provision of paragraph 559 cannot apply. Following the same rule, we

must conclude that the merchandise could not have been properly class-
ed as "pickles" under the general provisions of paragraph 241.

In this view of the case it is unnecessary to decide whether a commer-
cial designation making a distinction between "limes" and "limes in
brine" has or has not been proved in the record before us.    Such proof
would be immaterial under the principles of the Supreme Court which
we have cited.

A decree, therefore, may be entered that the decision of the Board of
General Appraisers is affirmed.    Decree of Board of General Apprais-
ers affirmed.