UNITED STATES v. BODEN.

(Circuit Court, N. D. California. November 14, 1904.)

No. 13,145.

1. CUSTOMS DUTIES—CLASSIFICATION—PINEAPPLES IN OWN JUICE—FRUIT PRE-SERVED IN SUGAR.

In construing paragraph 263, Tariff Act July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1651], providing a certain rate of duty on "fruits preserved in sugar, molasses, spirits, or in their own juice," and a lower rate on "pineapples preserved in their own juice," held, that it was not the intention of Congress to impose the added duty in the former provision on account of sugar added for preservation of the fruit, and that the latter provision applies to preserved pine-apples, as distinguished from other fruits, without reference to whether sugar is used in their preparation. Held, also, that certain canned pine-apples, containing an amount of sugar that is not sufficient to preserve the fruit from spoiling if exposed to the open air, but serves as a flavoring only, are dutiable under the latter provision.

On Application for Review of a Decision of the Board of General Appraisers.

Marshall B. Woodworth, U. S. Atty.

Page, McCutchen & Knight, for importers.

MORROW, Circuit Judge. This is a petition by the collector of the port of San Francisco for a review of the decision of the United States Board of General Appraisers at New York as to the rate and amount of duties chargeable on certain pineapples in cans, imported by John H. Boden & Co., S. L. Jones & Co., Getz Brothers & Co., Field Mercantile Co., and Macondray & Co. This merchandise was classified by the collector at the port of San Francisco as "fruit preserved in sugar," and dutiable at the rate of 35 per cent. ad valorem and 1 cent per pound, under the first clause of paragraph 263 of the tariff act of 1897 (Act July 24, 1897, c. 11, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1651]). The importers appealed from this decision to the Board of General Appraisers. The decision of the collector was there reversed; the board deciding that the merchandise should be classified as "pineapples preserved in their own juice," and therefore dutiable at 25 per cent. ad valorem, under the last clause of paragraph 263 of the same act. The entire paragraph reads as follows:

"Comfits, sweetmeats, and fruits preserved in sugar, molasses, spirits, or in their own juice, not specially provided for in this act, one cent per pound and thirty-five per centum ad valorem; if containing over ten per centum

of alcohol and not specially provided for in this act, thirty-five per centum ad valorem, and in addition, two dollars and fifty cents per proof gallon on the alcohol contained therein in excess of ten per centum; jellies of all kinds, thirty-five per centum ad valorem; pineapples preserved in their own juice, twenty-five per centum ad valorem."

The controversy between the collector and the importers is whether the merchandise in question is dutiable as a "fruit preserved in sugar," or as "pineapples preserved in their own juice."

It is an established rule of construction that, where there are both general description and specific designations of an article in the same act, it is the intention of Congress that the article be classified by its specific designation, rather than under the general description. Homer v. The Collector, 1 Wall. 486, 490, 17 L. Ed. 688; Reiche v. Smythe, 13 Wall. 162, 165, 20 L. Ed. 566; Smythe v. Fiske, 23 Wall. 374, 380, 23 L. Ed. 47; Movius v. Arthur, 95 U. S. 144, 146, 24 L. Ed. 420; Arthur v. Lahey, 96 U. S. 112, 113, 24 L. Ed. 766; Arthur v. Stephani, 96 U. S. 125, 126, 24 L. Ed. 771; American Net Co. v. Worthington, 141 U. S. 468, 474, 12 Sup. Ct. 55, 35 L. Ed. 821.

The general description in this paragraph, covering the pineapples in question, is "fruits preserved in sugar, molasses, spirits, or in their own juice." No distinction is made in the rate of duty between fruits preserved in sugar or in their own juice, showing that it was not the intention of Congress to impose an added duty because of the sugar used in the preservation of the fruit. But this description is modified by the following clause, "not specially provided for in this act." At the end of the paragraph, after stating the rates of duty imposed when alcohol is contained in the article, a rate of duty is specially provided for "pineapples preserved in their own juice." This special provision applies to pineapples, as distinguished from other fruits, in the opinion of the court, and not to the quantity of sugar used in their preparation. In other words, it is the particular variety of canned fruit that is entitled to the lower rate of duty (for reasons sufficient to the framers of the act), and not the manner of its preservation. But even if the contention of the collector be correct, that the difference in rate of duty was made because of the greater amount of sugar contained in the articles mentioned in the first clause of the paragraph, this court is of the opinion that the quantity of sugar found in the merchandise in controversy, as appears from the chemical analyses introduced in evidence, is not sufficient to bring the merchandise within the classification covered by the higher rate. It would not preserve the fruit from spoiling if exposed to the air, but serves as a flavoring only.

The decision of the Board of General Appraisers is affirmed.