Therefore, the judgment of the United States Customs Court is *affirmed*.

BLAND, Judge, dissents.

UNITED STATES *v.* MITSUI & CO., LTD. (No. 4357)[1]

United States Court of Customs and Patent Appeals, November 3, 1941

*Paul P. Rao*, Assistant Attorney General (*Richard F. Weeks*, special attorney, of counsel), for the United States.

*Eugene R. Pickrell* (*Eugene A. Chase*, of counsel) for appellee.

[Oral argument October 8, 1941, by Mr. Weeks and Mr. Chase]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

JACKSON, Judge, delivered the opinion of the court:

In the month of November, 1937, appellee imported a shipment of rapeseed oil from Japan. The Collector of Customs at the port of New York classified the merchandise under paragraph 1732 of the free list of the Tariff Act of 1930 which reads as follows:

PAR. 1732. Oils, expressed or extracted: Croton, palm, perilla, and sweet almond; olive, palm-kernel, rapeseed, sunflower, and sesame oil, rendered unfit

---

[1] C. A. D. 185.

for use as food or for any but mechanical or manufacturing purposes, by such means as shall be satisfactory to the Secretary of the Treasury and under regulations to be prescribed by him; tung oil; and nut oils not specially provided for.

The correctness of this classification is not questioned.

Although the collector passed the merchandise as free of duty as aforesaid, he assessed a tax or duty of $4\frac{1}{2}$ cents per pound upon the oil under the provisions of section 601 (c) (8) of the Revenue Act of 1932 (47 Stat. 259), as amended by section 602 of the Revenue Act of 1934 (48 Stat. 762), as amended by section 701 of the Revenue Act of 1936 (49 Stat. 1742), which reads as follows:

SEC. 701. TAX ON CERTAIN OILS.

The first sentence of section 601 (c) (8) of the Revenue Act of 1932 as amended, is amended, to read as follows:

"(8) Whale oil (except sperm oil), fish oil (except cod oil, cod-liver oil, and halibut-liver oil), marine-animal oil, tallow, inedible animal oils, inedible animal fats, inedible animal greases, fatty acids derived from any of the foregoing, and salts of any of the foregoing; all the foregoing, whether or not refined, sulphonated, sulphated, hydrogenated, or otherwise processed, 3 cents per pound; sesame oil provided for in paragraph 1732 of the Tariff Act of 1930, sunflower oil, rapeseed oil, kapok oil, hempseed oil, perilla oil, fatty acids derived from any of the foregoing or from linseed oil, and salts of any of the foregoing; all the foregoing, whether or not refined, sulphonated, sulphated, hydrogenated, or otherwise processed, $4\frac{1}{2}$ cents per pound; any article, merchandise, or combination (except oils specified in section $602\frac{1}{2}$ of the Revenue Act of 1934, as amended), 10 per centum or more of the quantity by weight of which consists of, or is derived directly or indirectly from, one or more of the products specified above in this paragraph or in section $602\frac{1}{2}$ of the Revenue Act of 1934, as amended, a tax at the rate or rates per pound equal to that proportion of the rate or rates prescribed in this paragraph or such section $602\frac{1}{2}$ in respect of such product or products which the quantity by weight of the imported article, merchandise, or combination, consisting of or derived from such product or products, bears to the total weight of the imported article, merchandise, or combination; hempseed, perilla seed, rapeseed, sesame seed, and kapok seed, 2 cents per pound."

Appellee protested the said assessment and suit was duly filed in the United States Customs Court to recover the amount of money claimed to have been wrongfully exacted by reason of the assessment.

The protest claimed that the said tax applied only to rapeseed oil as provided for under paragraph 53 of the said tariff act and not to rapeseed oil which was denatured or otherwise rendered unfit for use as food, as provided for in paragraph 1732 *supra*. Paragraph 53 reads as follows:

PAR. 53. Oils, vegetable: Castor, 3 cents per pound; hempseed, $1\frac{1}{2}$ cents per pound; linseed or flaxseed, and combinations and mixtures in chief value of such oil, $4\frac{1}{2}$ cents per pound; olive, weighing with the immediate container less than forty pounds, $9\frac{1}{2}$ cents per pound on contents and container; olive, not specially provided for, $6\frac{1}{2}$ cents per pound; poppy seed, 2 cents per pound; rapeseed, 6 cents per gallon; all other expressed or extracted oils, not specially provided for, 20 per centum ad valorem.

The crucial issue is on a question of law only, appellee contending that since section 701 of the revenue act imposing the said tax is worded in general terms it can only be applied to assess an additional tax on the rapeseed oil provided for *eo nomine* by said paragraph 53 and was not intended to apply to denatured rapeseed oil specifically made free of duty by said paragraph 1732.

The trial court held the said revenue act, insofar as it imposes duties upon imported articles, to be amendatory of the involved tariff act and basing its decision upon the canon of statutory construction that a later statute, general in its terms and not expressly repealing a prior special statute, does not affect the special provisions of such earlier statute, found for the appellee, citing *Reiche* v. *Smythe*, 13 Wall 162; *Movius* v. *Arthur*, 95 U. S. 144; *Arthur* v. *Lahey*, 96 U. S. 112; and *United States* v. *Hogan*, 12 Ct. Cust. Appls. 121, T. D. 40048. Judgment duly issued sustaining the protest. Appellant filed its motion for a rehearing supported by an affidavit of its trial counsel, and referred to certain legislative history said not to have before been brought to the court's attention. The motion was carefully considered and an opinion written giving the reasons of the court for issuing the order denying said motion. From the said judgment sustaining the protest this appeal was taken.

All taxes imposed on imports while in customs custody were at the time of the importation herein essentially customs duties no matter how they might have been designated by Congress. *Faber Coe & Gregg (Inc.)* v. *United States* 19 C. C. P. A. (Customs) 8, T. D. 44851 and the cases therein cited. Therefore the tax assessed upon the involved merchandise is a customs duty and section 701 of the said revenue act must be considered by us as it was by the trial court to be an amendment of the Tariff Act of 1930 insofar as it concerns the dutiable status of rapeseed oil.

The trial court ruled properly in determining that ambiguity exists in the provision of section 701 of the Revenue Act of 1936 taxing rapeseed oil. The provision for said tax in the said revenue act is broad enough to include the rapeseed oil dutiable under said paragraph 53 and the rapeseed oil free of duty under said paragraph 1732. Therefore resort to statutory construction was necessary.

The attention of the court below had not been directed to any legislative history of section 701 until after judgment had been filed, and therefore its decision upon the issue as presented at the trial was based solely upon the sound canon of statutory construction hereinbefore mentioned.

The reference to legislative history contained in the affidavit supporting the motion of appellant for rehearing directed the court's attention, among other matters not necessary to set out or discuss in

view of our conclusion, to a quotation from the Congressional Record, vol. 80, part 8, 74th Congress, Second Session, p. 8785, as follows:

Mr. GEORGE: This section is intended to stop up loopholes in the law. Some of these oils are covered in the Tariff Act and some are on the free list, *but all oil is subjected here to an additional tax.* * * * [Italics supplied.]

This statement of Senator George of the Senate Finance Committee and in temporary charge of the legislation was made during the course of debate on the floor of the Senate when the tax on the oils set out in section 701 was under discussion. No further reference to the said Congressional Record was made in the affidavit. The trial court in its opinion on this portion of the motion set out its view as follows:

* * * We are satisfied, however, that the statement on which reliance is placed by counsel for the defendant to indicate the legislative intent is not one which has that effect for the purposes of the case at bar. The statement to which our attention is directed is one made by Senator George, who was temporarily in charge of the bill, during debate on a proposed amendment relating to fatty acids and salts of linseed oil prior to the passage of H. R. 12395, enacted subsequently as the Revenue Act of 1936. The statement is reported in the Congressional Record, vol., 80 part 8, 74th Congress, Second Session, p. 8785. It appears that Senator Frazier offered an amendment providing for a tax on fatty acids and salts derived from linseed oil. Senator George pointed out that linseed oil was not covered by the bill, although it was proposed by the amendment to tax fatty acids derived therefrom. Senator Frazier replied that linseed oil was already subject to a tax of 4½ cents per pound under the Tariff Act of 1930, whereupon the following took place:

Mr. GEORGE. Mr. President, this is simply an indirect effort to raise the tariff, and the committee has steadfastly refused to raise tariff duties.
Mr. FRAZIER. I do not think it would raise the tariff. It would be only fair, unless fatty acids are included among the oils covered by the bill that come in competition with linseed oil, to include linseed oil.
Mr. GEORGE. This section is intended to stop up loopholes in the law. *Some of these oils are covered in the Tariff Act and some are on the free list, but all oil is subjected here to an additional tax.* To impose a tax upon a derivative of linseed oil, upon which there is no special tax, but only a tariff, is necessarily an effort to raise the tariff by indirection. * *. * [Italics added.]

It is the matter in italics to which defendant's counsel points to sustain its contention that it was the purpose of the Revenue Act of 1936 to tax denatured rapeseed oil. It is at once manifest (sic) that Senator George's statement was not made to show any such purpose of the bill but to explain that all of the oils covered by the proposed Revenue Act, on the fatty acids of which an additional tax was imposed, were themselves subjected to an additional tax, whereas there was no additional tax on linseed oil, and hence, in the view of the Senator, as representing the Committee, no additional tax should be placed on the fatty acids derived therefrom. True, standing alone the words italicized might lead to the impression sought to be imported to them by the defendant, but a reading of the context shows at once that the statement was not made to convey the intent to tax all the oils then named in the bill even if denatured and so free of tariff duty.

It may be that counsel for appellant relied solely upon the quoted statement set out in his affidavit to sustain his contention that the legislative history of the enactment of section 701, indicates the intent of the Congress to assess the said tax against the rapeseed oil provided

for in paragraph 1732 as well as that dutiable under paragraph 53. If this were so we do not think the said statement could be very enlightening as to congressional intent.

We have examined the entire legislative history surrounding the enactment of the said section referred to in the affidavit, particularly that found in the said volume of the Congressional Record, and are convinced therefrom that the Congress intended to assess the said tax against all imported rapeseed oil whether dutiable or free.

Prior to the enactment of the Revenue Act of 1936 the Revenue Act of 1932 as amended by the Revenue Act of 1934, section 601 (c) (8) provided for a tax of 3 cents per pound upon the importation of the following oils only—"Whale oil (except sperm oil), fish oil (except cod oil, cod-liver oil, and halibut-liver oil), marine animal oil, and any combination or mixture containing a substantial quantity of any one or more of such oils * * *."

When the revenue bill of 1936 (H. R. 12395) was before the Senate for consideration, Senator Bailey of North Carolina a member of the Finance Committee offered an amendment, the pertinent portion of which reads:

SEC. 701. TAX ON CERTAIN OILS.

The first sentence of section 601 (c) (8) of the Revenue Act of 1932, as amended, is amended to read as follows:

"(8) Whale oil (except sperm oil), fish oil (except cod oil, cod-liver oil, and halibut-liver oil), marine-animal oil, tallow, inedible animal oils, inedible animal fats, inedible animal greases, fatty acids derived from any of the foregoing, and salts of any of the foregoing; all the foregoing, whether or not refined, sulphonated, sulphated, hydrogenated, or otherwise processed, 3 cents per pound; olive oil and sesame oil, provided for in paragraph 1732 of the Tariff Act of 1930, sunflower oil, rapeseed oil, kapok oil, hempseed oil, fatty acids derived from any of the foregoing, and salts of any of the foregoing; all the foregoing, whether or not refined, sulphonated, sulphated, hydrogenated, or otherwise processed, 4½ cents per pound; * * *."

The tendered amendment appears and the debate thereon begins on page 8666 of the said Congressional Record, vol. 80, part 8.

During the debate Senator Couzens of Michigan, addressing Senator Bailey, stated that he had received a telegram asking to have inserted in the amendment after the words "rapeseed oil," the words "unless denatured." Senator Couzens then asked "Does the Senator know what effect that would have?" Senator Bailey responded by saying "Then the tax proposed in the amendment would fall upon the edible oil and not on the denatured oil. It would affect to that extent the agricultural interests. I question whether it would have the desired effect with respect to the fishing interests. Denatured oil is inedible and therefore not supposed to be competitive with vegetable oil."

Then the following colloquy occurred:

Mr. Couzens. Then I understand from the point of view of the Senator, who is the proponent of the amendment under discussion, he would not object to inserting the words "unless denatured"?

Mr. Bailey. I do not know that I am prepared to acquiesce. I was induced to propose the amendment because of a realization of the fact that since we passed the 1934 act relative to imports of oils and fats competitive with oils and fats produced on the farms in our country, the foreign exporters have found substitutes for those oils and fats, and also for the oil-producing seeds, in lieu of the articles on which we had imposed the tax, with the resultant effect that the real purpose of the 1934 act has been to a great extent defeated.

The primary purpose of the amendment is, with respect to these substitutes, to give the same benefits to the American producers that they at first received with respect to the articles imported from other countries on which the tax was imposed in the 1934 act.

Incidentally, while we are undertaking to enact legislation for the benefit of the American farmers producing fats and oils, I will state that I have here letters from the great farm organizations heartily supporting the portion of the amendment which gives like benefits to the fishermen, the producers of oil from the fish that are caught off our shores. The two are together, and I do not think I am at liberty to separate them. I should be perfectly willing to submit the matter to the Senate, just as I submitted it to the committee; and if any Senator has an amendment of that character to put forward, while I do not think I am in fairness quite at liberty to accept the amendment, I question whether it would be worth my while to oppose it.

Mr. Couzens. Mr. President; will the Senator yield?

Mr. Bailey. I yield.

Mr. Couzens. Because of lack of information, may I ask the Senator to accept this amendment? Then, if there is any substantial reason why it should not be accepted when we get fuller information, we can take the amendment out in conference.

Senators Lonergan of Connecticut and Gore of Oklahoma, both members of the Finance Committee joined with Senator Couzens requesting the amendment to the amendment.

Senator Bailey further stated:

I think I have made it perfectly clear that we are not undertaking here to bring in new subjects of tariff legislation. I refrained from bringing into the amendment any new matter, and confined the language of the amendment to oils and fats and oil-producing seeds which were being used as a substitute for those oils and fats and oil-producing seeds upon which the tax had been imposed in the act of 1934.

So it is not a new matter; it does not open the door to a long list of tariff proposals. It merely corrects and makes perfect, so far as we can do so at this time, the law which we enacted in the best of faith and with the best of intentions in 1934.

The discussion on the amendment proposed by Senator Couzens ended with the following comments:

Mr. Bailey. * * * Mr. President, I ask the Senate to pass my amendment. I am unwilling to compromise it. I would not know how to go about compromising it. The Senator from Michigan [Mr. Couzens] asked me if I would agree to an amendment to place after "rapeseed" the language "unless denatured", and have

the question wrought out in conference. Let it go to the conference as it is and have it wrought out there. Give us the benefit of the presumption, and we will have it before us.

Mr. COUZENS. Mr. President, will the Senator yield?

Mr. BAILEY. I yield.

Mr. COUZENS. Unless the amendment were put in the bill the conferees would not have any jurisdiction. That is the reason why I asked to have it put in, so the conferees could throw it out if it was deemed improper.

Mr. BAILEY. I think the Senator is right about it, although I am not so familiar as he is with procedure in conference. I understand the Senator is correct about that.

Mr. COUZENS. That is correct. I do not ask the Senator from North Carolina to embarrass himself. I will offer the amendment on the floor and have the Senate do as it pleases about it.

\*  \*  \*  \*  \*  \*  \*

Mr. COUZENS. Mr. President, I offer as an amendment to the committee amendment, on page 267, line 23, after the words "rapeseed oil", to insert "unless denatured."

The amendment of Senator Couzens was agreed to by the Senate.

Further amendments to the amendment of Senator Bailey were proposed during the debate resulting in the inclusion of perilla oil, fatty acids and salts of linseed oil and the exclusion of olive oil. A further amendment was offered to strike out "whale oil (except for sperm oil)" and to insert after "marine animal oil" the phrase "except denatured whale oil for inedible use and except sperm oil." This amendment was lost and the amendment as amended went to conference. There the amendment of Senator Couzens was stricken. No other change in the amendment was made and as thus changed it became part of the said revenue act.

It will be observed from the above recital of action in the Senate upon the amendment of Senator Bailey that the legislation received studious attention and went to conference definitely excluding denatured rapeseed oil. The only conclusion that can be drawn from the debate is that the Senate understood that it was the intention of the amendment of Senator Bailey to include rapeseed oil, denatured or otherwise as subject to the tax. There would otherwise have been no sense in the agreement of the Senate to the amendment of Senator Couzens. Furthermore it is to be noted that the Senate agreed to the amendment of Senator Couzens simply for the purpose of placing it before the conference committee, so that, as its proposer stated, "the conferees could throw it out if it was deemed improper." The conferees must be presumed to have had knowledge of the position of the Senate concerning rapeseed oil, and in agreeing to eliminate the expression "unless denatured," we think it must have been brought to their attention that the section as it left them and, as subsequently enacted, was intended to provide for a tax upon denatured rapeseed oil.

The fact that sesame oil provided for in paragraph 1732 of the said tariff act was singled out from the other oils mentioned in that paragraph proves nothing except that the Congress intended to tax that particular kind of sesame oil and no other.

Since we are convinced from the legislative history of Section 701 that the Congress clearly indicated its intention to tax the involved merchandise in all of its forms the judgment appealed from must be and is *reversed*.

*Paul P. Rao,* Assistant Attorney General (*Richard F. Weeks,* special attorney, of counsel), for the United States.

*Eugene R. Pickrell* (*Eugene A. Chase,* of counsel) for appellee.