United States *v.* Wecoline Products Corp. (A. J. Murray & Co.) (No. 4358)[1]

United States Court of Customs and Patent Appeals, November 3, 1941

Paul P. Rao, Assistant Attorney General (*Richard F. Weeks*, special attorney, of counsel), for the United States.

*Eugene R. Pickrell* (*Eugene A. Chase*, of counsel) for appellee.

[Oral argument October 8, 1941, by Mr. Weeks and Mr. Chase]

Before Garrett, Presiding Judge, and Bland, Hatfield, Lenroot, and Jackson, Associate Judges

Jackson, Judge, delivered the opinion of the court:

The merchandise involved in this appeal is sunflower oil imported in January 1937. The Collector of Customs at the port of New York

[1] C. A. D. 186.

classified it as an expressed or extracted vegetable oil, not specially provided for, under paragraph 53 of the Tariff Act of 1930 and pursuant thereto assessed the merchandise with duty at the rate of 20 per centum ad valorem.

After importation the oil was released from customs custody before having been denatured. However, when it was transferred from the steamship to tank cars for transportation to appellee it was weighed by a Government weigher and the cars sealed with cords and seals by a Customs official. After the cars had arrived at the plant of appellee the seals were broken by a Customs officer who duly denatured the oil.

In addition to assessing duty as aforesaid the collector also levied upon the merchandise a tax of 4½ cents per pound under the provisions of section 601 (c) (8) of the Revenue Act of 1932 (47 Stat. 259), as amended by section 602 of the Revenue Act of 1934 (48 Stat. 762), as amended by section 701 of the Revenue Act of 1936 (49 Stat. 1742). The pertinent portion of the said section reads as follows:

SEC. 601. EXCISE TAXES ON CERTAIN ARTICLES

\* \* \* \* \* \* \*

(c) There is hereby imposed upon the following articles \* \* \* imported into the United States, a tax at the rates hereinafter set forth, to be paid by the \* \* \* importer;

\* \* \* \* . \* \* \*

(8) \* \* \* sunflower oil, \* \* \* whether or not refined, sulphonated, sulphated, hydrogenated, or otherwise processed, 4½ cents per pound; \* \* \*

Appellee filed its protest against the decision of the collector levying the said assessments and suit was duly instituted in the United States Customs Court to recover the money alleged by appellee to have been illegally exacted.

Two claims were made in the protest, one that the oil was entitled to free entry as sunflower oil rendered unfit for use as food or for any but mechanical or manufacturing purposes, as provided for in paragraph 1732 of the said tariff act and the other that the section of the revenue act as above set out does not apply to the merchandise.

On a record which comprised an agreed statement of facts the trial court sustained the protest and judgment was entered accordingly. A motion for rehearing was filed by counsel for appellee, supported by an affidavit calling to the attention of the court a certain statement made by Senator George, who was temporarily in charge of the said amendment when it was before the Senate for debate, and as it appears in the Congressional Record, vol. 80, part 8, p. 8785. The affidavit also brought to the attention of the court other matters not necessary to relate in view of both our conclusion and the single issue here presented. The motion for rehearing was denied, the reasons therefor being set out in a memorandum by the court. Appeal was taken from the said judgment.

The appellant in this court having formally abandoned its contention that the trial court erred in holding the involved merchandise to be duty free under the provisions of paragraph 1732 of the Tariff Act of 1930, the sole question here presented is whether or not it was the intent of the Congress to subject denatured sunflower oil to the tax provided for by the said revenue act. The disposition of this question was controlled in the court below by its decision in the case of *Mitsui & Co., Ltd.* v. *United States*, 6 Cust. Ct. 3, C. D. 411. We likewise decide the present issue as being controlled by our opinion in the appeal of the said *Mitsui* case *supra*, decided concurrently herewith, *United States* v. *Mitsui & Co., Ltd.*, 29 C. C. P. A. (Customs) 154, C. A. D. 185.

That case was decided upon the same issue as the one before us in this case, the only difference between the two cases being that the involved merchandise in that case was denatured rapeseed oil. That oil as well as denatured sunflower oil are provided for as being free of duty under paragraph 1732 of the Tariff Act of 1930.

In this case as in the *Mitsui* case *supra* we agree with the trial court in holding that the said revenue act, insofar as it imposes duties upon the imported articles, is amendatory of the involved tariff act and the tax imposed by the revenue act is in fact a customs duty, under the authority of *Faber Coe & Gregg (Inc.)* v. *United States*, 19 C. C. P. A. (Customs) 8, T. D. 44851.

For the same reasons as are set forth in our opinion in the *Mitsui* case *supra*, we hold that ambiguity exists in the provision of section 701 of the Revenue Act of 1936 taxing sunflower oil and find that in this case as in that case resort to legislative history is necessary in order that we may be enlightened as to the intent of the Congress in enacting said section 701.

We set forth somewhat extensively in our opinion in the said *Mitsui* case the legislative history involved in the enactment of the said section, and in the light of said history we held rapeseed oil in all of its forms to be subject to the said tax or duty of 4½ cents per pound.

We are of opinion that in this case the same conclusion as to the intent of the Congress is to be drawn from the said legislative history with respect to sunflower oil as was arrived at by us with reference to rapeseed oil in the said *Mitsui* case, and consequently we deem it unnecessary to repeat the said history in this opinion.

For the foregoing reasons the judgment of the court below, insofar as it held the involved merchandise to be free of duty under the provisions of paragraph 1732 of the Tariff Act of 1930, is *affirmed* and the judgment, insofar as it held that the oil was exempt from the tax duty imposed by section 601 (c) (8) of the Revenue Act of 1932 as amended by section 701 of the Revenue Act of 1936, is *reversed*.