(C. D. 818)

FUNG CHONG & CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided December 8, 1943)

*Lawrence & Tuttle* (*Charles F. Lawrence* and *Frank L. Lawrence* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Harold L. Grossman, Daniel G. McGrath*, and *Joseph A. Howard, Jr.*, special attorneys), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

CLINE, Judge: This is a suit against the United States in which the plaintiff seeks to recover a part of the duty assessed on certain merchandise imported from China and invoiced as "Canned Salted Pumelo Peel." Duty was assessed at 8 cents per pound as prepared

or preserved fruit peel under paragraph 739 of the Tariff Act of 1930 and the plaintiff claims that the merchandise is subject to duty at 2 cents per pound under the same paragraph as fruit peel in brine. Other claims are made in the protest but are not relied upon by the plaintiff. The pertinent tariff provisions read as follows:

PAR. 739. Orange, grapefruit, lemon, and other fruit peel, crude, dried, or in brine, 2 cents per pound; candied, crystallized, or glacé, or otherwise prepared or preserved, 8 cents per pound; * * *.

At the trial a member of the importing firm appeared as a witness for the plaintiff and produced two cans of the involved merchandise. He testified that he was not sure that the cans were out of the instant importation but they were the same merchandise that was covered by the shipment; that he had been importing the same product for 7 or 8 years and found that the shipments had always been the same. Over objection by counsel for the defendant, the cans were admitted in evidence and marked "Collective Exhibit 1." The witness testified further that the merchandise is in a salted brine. The case was then submitted by both sides.

When the case came before the court for decision, the court of its own motion ordered that the exhibit be analyzed in the customs laboratory at the port of New York in order to ascertain "whether the pumelo peel is in brine or whether in some solution other than brine." The exhibit was analyzed and the chemist reported to the court as follows:

The liquid portion of this can of pumelo peel contains 9.2% salt, 15.6% sucrose, and 7.8% invert sugar by weight.

The presence of 23.4% total sugar indicates the sample is not pumelo peel in brine but that it is prepared or preserved in some solution other than brine.

The unused portion is herewith returned in its original container which has been resealed.

After receiving this report, the court ordered the case restored to the calendar for further testimony with regard to the preserving agent in the liquid. At the next trial, counsel for the plaintiff offered the first paragraph of the chemist's report but counsel for the defendant insisted that the entire report be received. The trial judge admitted the entire report over objection and exception by counsel for the plaintiff and it was marked "Exhibit 2."

The plaintiff then introduced the testimony of a chemist and horticulturist who, among other duties, is engaged in the preservation of fruit in California. He testified that a solution containing 9.2 per centum of salt would be sufficient to preserve pumelo peel in tin containers like those in collective exhibit 1 for an indefinite length of time. When asked to describe brine, he said:

The term "brine" as commonly used by our commercial handlers and preservers of fruit and vegetables is applied to a solution of common salt in water.

The witness was not asked whether a solution containing 9.2 per centum of salt, 15.6 per centum of sucrose and 7.8 per centum of invert sugar was a brine. In *Delapenha & Co.* v. *United States*, 6 Ct. Cust. Appls. 18, T. D. 35252, the court adopted the definition of "brine" as given in the standard dictionaries, that is, "water saturated or strongly impregnated with salt." While it is stated in the appraiser's report in this case that the pumelo peel "has been prepared and preserved by salting and treatment with brine," the record shows that the liquid contains 23.4 per centum of sugar in addition to the salt. We are of opinion that the evidence in this case is not sufficient to establish that the fruit peel was imported in brine.

We have not been referred to any authority holding that a solution of salt, sugar, and water is brine. Counsel for the plaintiff refers to statements in the Encyclopaedia Britannica relating to pickles and the preservation of foods. In volume 9, page 459, and volume 17, page 912, it is shown that sometimes saltpeter is added to brine in preserving or pickling meat or fish but we have found nothing in that authority showing that sugar is added in making brine.

Counsel for the plaintiff cites *United States* v. *Pacific Trading Co.*, 14 Ct. Cust. Appls. 131, T. D. 41649; *United States* v. *Smith & Nessle Co. et al.*, 4 Ct. Cust. Appls. 70, T. D. 33312; *Rosenstein et al.* v. *United States*, 71 Fed. 949; and *United States* v. *Rosenstein et al.*, 98 Fed. 420, T. D. 25945. The question in the *Pacific Trading Co.* case, *supra*, was whether onions packed in vinegar, salt, and sugar were pickled and in the other cases the question was whether herring or mackerel which had different kinds of sauces in the cans were pickled or salted. The claim under the provision which plaintiff invokes in the instant case is that the merchandise is "in brine." That claim involves quite a different question from that raised in the cited cases.

Counsel cites also *United States* v. *Boden*, 133 Fed. 839, which related to canned pineapples which contained a little sugar in the liquid, not enough to preserve the fruit. The court held that the provision for "pineapples preserved in their own juice" was more specific than the provision for "fruits preserved in sugar, molasses, spirits, or in their own juice, not specially provided for." The court said that the sugar "serves as a flavoring only." The plaintiff argues that the sugar in the cans in the instant case is not in sufficient quantity to preserve the pumelo peel and therefore must have been used merely for flavoring purposes and the court should disregard the sugar and hold that the fruit peel is in brine. In the absence of testimony showing how the pumelo peel was prepared, we are unable to hold that it is in brine because there is no showing that a liquid which contains sugar and salt is brine.

Plaintiff cites many other cases which we have examined and are unable to find any principle involved therein sufficient to enable us to

make a finding that the plaintiff has overcome the presumption of correctness attaching to the collector's classification. The protest is overruled. Judgment will be entered in favor of the defendant.